UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Gervacio, et al.,

        Plaintiffs,

—v—

ARJ Laundry Services Inc., et al.,

        Defendants.

17-cv-9632 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

On December 7, 2017, Plaintiff filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq.* *See* Dkt. No. 1. On August 15, 2018, the parties informed the Court that they had reached a settlement agreement. *See* Dkt. No. 20. On August 20, 2018, the parties submitted a proposed settlement for the Court's approval, *see* Dkt. No. 22, Ex. 1, along with a letter explaining their views on the fairness of the settlement, *see* Dkt. No. 22. The settlement agreement provided for a total settlement amount of $6,000, including attorneys' fees and costs. Plaintiff's counsel is seeking attorneys' fees in the amount of $1,600 and reimbursement of $400 in costs. For the following reasons, the Court approves the settlement agreement and awards attorneys' fees and costs in the amount of $2,000.

I.    **Legal Standard**

In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). A plaintiff's FLSA claims therefore cannot be dismissed

with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

## II. Discussion

### A. Settlement Amount

The Court finds that the total settlement amount of $6,000 is reasonable. According to the joint letter, Plaintiff estimates that her maximum possible recovery for the claims in the instant action would be approximately $29,820.41, including $9411.19 in unpaid minimum and overtime wage payments. Dkt. No. 22. In contrast, Defendants maintain that Plaintiff is entitled to "a minor amount, if anything at all," and have provided documentation which "if authenticated would contradict[] the Plaintiff[']s allegations." *Id.* The settlement recovery amount net attorneys' fees and costs is $4,000, an amount equal to approximately 20 per cent of total possible recovery and approximately 43 percent of Plaintiff's base damages.

Although Plaintiff receives less than half the base damages to which she maintains she is entitled under the terms of settlement agreement, "[o]bstacles to collection may justify a reasonable settlement for an amount less than the maximum amount Plaintiffs might have recovered otherwise." *Villanueva v. 179 Third Ave. Rest Inc.*, No. 16-CV-8782 (AJN), 2018 WL 3392870, at *2 (S.D.N.Y. July 12, 2018) (citing *Lligiochuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y 2013) ("Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable.")). In light of Defendants'

2

allegations and the documentary evidence produced in this litigation, the Court concludes that a settlement amount of approximately 20 percent of the maximum possible recovery amount is reasonable. *See, e.g., Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at 21 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of maximum recovery where the joint letter indicated a "lack of documentation and conflicting witness support" (internal quotation marks omitted)).

### B. Attorneys' Fees and Costs

The Court also approves the proposed award of attorneys' fees and costs. The amount requested in attorneys' fees ($2,000) represents one third of the total settlement amount, and courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases. *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases). Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice of using the lodestar method as a "'cross check' on the reasonableness of the requested percentage"). The lodestar amount is the presumptively reasonable fee—"the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). According to the parties' submission, the lodestar amount is $2,637.50, an amount greater than the fee award in the settlement agreement. Dkt. No. 22, Ex. 2. However, based on the billing records submitted by Plaintiff's counsel, the asserted lodestar amount is greater than

"the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir.2008) (discussing calculation of the lodestar amount).

As an initial matter, the Court finds that the hourly rates of managing partner Michael Faillace and (then) first year associate Haleigh Amant, who bill $450 and $250 per hour, respectively, are unreasonably high. This Court joins many others in the circuit in finding Mr. Faillace's hourly rate excessive. *See Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (noting that "the rates at which Plaintiff's counsel Michael Faillace seeks to bill are on the high end of what is typical in FLSA cases, and have previously been reduced by several courts in this district") (citing *Rosendo v. Everbrighten Inc.*, No. 13CV7256-JGK-FM, 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, No. 13 CV. 7256 JGK, 2015 WL 4557147 (S.D.N.Y. July 28, 2015) (reducing rates for Mr. Faillace and his associates, and collecting cases doing same)). The Court therefore reduces the hourly rate for Mr. Faillace to $400 and the hourly rate for Ms. Amant to $175. *See Rosendo*, 2015 WL 1600057, at *9 (finding that the reasonable hourly rate for Mr. Faillace is $400, for a senior attorney with 10 years of experience is $300, and for an associate with 3 years of experience is $225); *Hernandez v. JRPAC Inc.*, No. 14CV4176 (PAE), 2017 WL 6311868, at *2 (finding that a reasonable hourly rate for Mr. Faillace is $400 and for associates with 3-4 years of experience is $250).

In addition, the Court finds that the total of attorney hours expended by Plaintiff's counsel is greater than the "reasonable number of hours required by the case." *Millea*, 658 F.3d at 166. According to billing records, Plaintiff's counsel spent a total of 8.30 hours working on the case. Dkt. No. 22, Ex. 2. This calculation includes two entries for work that appears entirely

unnecessary to the prosecution of Plaintiff's case. Specifically, on December 8, 2017, Mr. Faillace spent 0.10 hours to "review[] complaint language and file[] it for future use." *Id.* Similarly, on January 22, 2018, Mr. Faillace spent 0.30 hours to "review[] language of complaint and classif[y] it for future use." *Id.* Given that the complaint in this matter was filed on December 7, 2017, a paying client would surely object to being billed for time counsel spent reviewing the language of the complaint on December 8, 2017 and January 22, 2018.[1]

Calculated using these reasonable hourly rates and excluding the hours billed for reviewing a complaint that had already been filed, the lodestar amount is $2,011.25, including costs. The true lodestar amount is therefore greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees, despite its finding that the lodestar amount as calculated by Plaintiff's counsel was excessive.

## III. Conclusion

In conclusion, the Court approves the settlement agreement in full. The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: January 25, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[1] In response to a request from this Court, Mr. Faillace indicated that one of the two similar entries was an error, but he could not determine which one, and therefore asked the Court to consider the lodestar calculation without either entry. *See* Dkt. No. 25. Mr. Faillace also explained that he "often review[s] Complaints after they are filed for several reasons...[:] to re-apprise [him]self of the facts before talking with a client or attorney, to double-check that important allegations were made in the complaint before discovery ends or the window to amend closes, to make sure that all of the relevant causes of action were brought and to develop a plan for the legal and factual arguments to be used in the case." The Court does not opine on the propriety of including time spent reviewing a filed complaint for these reasons, but notes that reviewing a complaint "for future use," presumably in a different matter, is not an appropriate billing entry in the present matter. Dkt. No. 22, Ex. 2